FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 22 PM 2: 49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE CORPORATION | * * * * | CIVIL ACTION<br>NO. 06-6316 |
| VERSUS | * * | SECTION |
| TRANSOCEAN OFFSHORE USA INC., TRANSOCEAN INC. AND THE MODU TRANSOCEAN MARIANAS | * * * * | JUDGE SECT. L MAG 4 |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Transcontinental Gas Pipe Line Corporation, ("Transcontinental"), who presents the following Complaint against Transocean Offshore USA Inc., Transocean Inc. and the MODU Transocean Marianas.

I.

This complaint is within the admiralty and maritime jurisdiction of the United States, and is made pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. In addition, jurisdiction exists under the Admiralty Extension Act, 46 U.S.C. § 740.

II.

Transcontinental is a corporation organized and existing under the laws of Delaware.

Fee 350.00
Process
X Dktd
CtRmDep
Doc. No

1

1085903_1.DOC

III.

Transocean Inc., is a corporation organized and existing under the laws of Florida. Transocean Offshore USA Inc. is a corporation organized and existing under the law of Delaware. The MODU Transocean Marianas is a semi submersible drilling vessel, registered in the Marshall Islands.

IV.

At all material times, Transocean Inc. and/or Transocean Offshore USA Inc. (collectively referred to as "Transocean") was the owner and/or operator of the MODU Transocean Marianas.

V.

At all material times, Transocean employed the crew working aboard the MODU Transocean Marianas.

VI.

At all material times, Transcontinental was the owner of a gas pipeline system in the Gulf of Mexico.

VII.

On or about September 22-23, 2005, the moorings of the MODU Transocean Marianas failed and the rig was cast adrift in Eugene Island Block 113-A. As the rig drifted, its anchor wire, cable, or other parts of the vessel struck and damaged various components of the Transcontinental's 20-inch pipeline in Eugene Island Block 135 in the Gulf of Mexico (the "20-inch Pipeline") and 8-inch pipeline in Eugene Block 133 in the Gulf of Mexico (the "8-inch Pipeline").

VIII.

The MODU Transocean Marianas or components of the MODU Transocean Marianas allided with and damaged the 8-inch Pipeline and the 20-inch Pipeline, causing both to rupture. Both pipelines and other interconnected pipelines were flooded with sea water.

IX.

The damage that the MODU Transocean Marianas caused to the 8-inch Pipeline and the 20-inch Pipeline requires that the pipelines be repaired, including certain pipelines interconnected with the 8-inch Pipeline and/or the 20-inch Pipeline. These repairs will require shut-in of the pipelines.

X.

As a result of the damage caused by the MODU Transocean Marianas, Transcontinental's damages are currently estimated to be in excess of $22,000,000.00, including without limitation, damage to the pipelines, loss of line pack and inventory, re-commissioning costs, repair costs, monitoring expenses, increased costs and expenses, lost revenue, and other damages to be shown at trial of this matter.

XII.

Transcontinental avers that the aforementioned casualty and resulting damages were not caused or contributed to by any fault, neglect, lack of care, or other fault of Transcontinental but rather resulted from the fault, neglect, and lack of care on the part of Transocean and the unseaworthiness of the MODU Transocean Marianas in the following particulars, among others, which will be brought out upon trial:

1085903_1.DOC

1. The rig was improperly anchored or moored.

2. The rig's anchoring and mooring system was not sufficient to withstand the expected effects from the storm anticipated to pass in the Gulf of Mexico.

3. The mooring location chosen for the rig was unsafe given the rig's capabilities and the projected path and intensity of the storm.

4. The rig's crew and its management and owners were negligent in preparing the rig to withstand the expected effects from the storm.

5. The rig's crew and its management and owners were negligent in the operation of the rig and her mooring and anchoring system.

6. The rig's crew and its management and owners were negligent in maintaining and repairing the rig's mooring and anchoring system.

7. The rig was unseaworthy.

8. The rig's crew and its management and owners were negligent for not moving the rig out of the path of the storm.

9. The management and owners of the rig were negligent for improperly training the rig's crew and other personnel to prepare the rig to withstand the effects of a storm.

10. The management and owners of the rig were negligent for improperly training the rig's crew in the operation and maintenance of the rig's anchoring or mooring system.

11. Other negligent acts or omissions to be established at the trial of this matter.

1085903_1.DOC

XIII.

Transcontinental specifically pleads application of the doctrine of *res ipsa loquitur* because the rig's anchor wire and cable, which caused plaintiff's damages, were at all material times under the exclusive control of Transocean and this casualty was of the type that does not ordinarily occur in the absence of negligence.

XIV.

Transocean is presumed to be at fault by virtue of the maritime presumption of fault arising when a moving vessel, the MODU Transocean Marianas, strikes a stationary object, the pipelines owned and/or operated by Transcontinental.

**WHEREFORE,** plaintiff, Transcontinental prays:

1. that process in due form be issued against defendants, Transocean Offshore USA Inc. and Transocean Inc., citing them to appear and answer all and singular the aforementioned matters; and

2. that process and *in rem* service on the MODU Transocean Marianas be withheld at this time; and

3. that the Court, after due proceedings, enter judgment in favor of plaintiff, Transcontinental, and against defendants, Transocean Offshore USA Inc., Transocean Inc. and the MODU Transocean Marianas, in an amount presently estimated to be in excess of $22,000,000.00 as damages, together with interest, attorneys fees, and costs; and

1085903_1.DOC

4.     that Transcontinental be granted all other relief to which it is entitled.

> Respectfully submitted,
>
> KEAN, MILLER, HAWTHORNE,
> D'ARMOND, MCCOWAN & JARMAN, L.L.P.
>
> *[signature]*
>
> MICHAEL A. McGLONE, T.A. (LA #9318)
> LAWRENCE J. HAND, JR. (LA #23770)
> KAREN WATERS SHIPMAN (LA #27320)
> 909 Poydras Street, Suite 1450
> New Orleans, LA 70112
> Telephone: (504) 585-3050
> Fax: (504) 585-3051
> **Attorneys for Plaintiff, Transcontinental Gas Pipe Line Corporation**

**Please withhold *in rem* service.**

# VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned authority, Notary Public, in and for the Parish of Orleans, State of Louisiana, personally came and appeared Michael A. McGlone, who after being duly sworn, did depose and say that:

1. He is the attorney for the plaintiff herein.

2. He has read the foregoing Complaint, knows the contents thereof, and believes the same to be true and correct.

3. He is making this Verification because the plaintiff has no officers or directors in this district.

*[signature]*
AFFIANT

Sworn to and subscribed before me this ___ day of September, 2006.

*[signature]*
NOTARY PUBLIC

MICHAEL J. O'BRIEN, 65150
Notary Public in and for
the State of Louisiana.
My Commission is for Life.

7

1085903_1.DOC