UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE CORPORATION | * * * | CIVIL ACTION NO. 06-6316 C/W 08 - 4039 |
| | * | SECTION: L-4 |
| VERSUS | * * | JUDGE ELDON E. FALLON |
| TRANSOCEAN OFFSHORE USA, INC. TRANSOCEAN INC. AND THE MODU TRANSOCEAN MARIANAS | * * * * | MAG. DIV. 4 MAG. KAREN WELLS ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF TRANSOCEAN IN OPPOSITION TO MOTION-IN-LIMINE REGARDING TESTIMONY OF CALVIN BARNHILL

MAY IT PLEASE THE COURT:

NOW COMES defendant, Transocean Deep Water Drilling, Inc. ("Transocean"), through undersigned counsel, and submits this Memorandum in Opposition to the Motion-In-Limine of Transcontinental Gas Pipeline Corporation ("Transcontinental") (Doc. No. 166) seeking to exclude the testimony and report of Transocean's expert, Mr. Calvin Barnhill, and respectfully avers as follows:

### *Background*

On September 22, 2005, the *MARIANAS*, a modified, semi-submersible drilling rig, broke

1

free from its moorings during Category 5 Hurricane Rita. The rig, which had been moored using eight anchor chains augmented by wire inserts, was working in the Gulf of Mexico in Grand Canyon 821, which is located off of the eastern portion of the Louisiana Coast due south of Terrebonne Bay. The fury of Hurricane Rita caused the *MARIANAS* to break free and drift approximately 130 miles before grounding in Eugene Island Block 113A. Eugene Island Block 113A is located just off the Louisiana Coast southwest of Morgan City.

Transcontinental alleges the *MARIANAS* allided with certain pipelines while it was adrift. Transocean, in contrast, will show at the upcoming trial of this matter that Transcontinental cannot affirmatively demonstrate the *MARIANAS* struck its pipelines or when the damage occurred. Alternatively, even assuming *arguendo* that the *MARIANAS* struck the pipelines in question, the allision was an Act of God for which Transocean cannot be liable.

As is relevant herein, Transocean retained Calvin Barnhill, a petroleum engineer, to assist in evaluating Transcontinental's alleged deferred production damages. Transocean's disclosure of its intent to use Mr. Barnhill was timely, and the relevant report was forwarded to Transcontinental on May 3, 2010 in full compliance with this Court's Scheduling Order and Rule 26(a)(2)(B).[1]

Subsequent thereto the parties made arrangements to take the depositions of various experts. Prior to Mr. Barnhill's deposition, Transocean deposed two of Transcontinental's experts, Mr. Carmen Costello and Mr. David Brown, on May 17 and 20, 2010, respectively. At the commencement of each deposition, Transocean was presented with the files of these experts. Mr. Brown had documents still located in London, England, so the parties agreed to keep the dispute open until the documents were delivered[2] Likewise, Transcontinental was presented

---

[1] Fed.R.Civ.P. 26(a)(2)(B).
[2] See deposition of Mr. David Brown at pp. 257-260 and attached hereto as Exhibit "A."

with a copy of Mr. Barnhill's file at the commencement of his deposition on May 20, 2010. There was an issue of whether any other documents were on a flash drive sent to the copying service. Mr. Barnhill resent the flash drive, which was delivered to Transcontinental. The depositions of the experts were left "open" in the event that additional questions arose after the experts produced additional documents requested by counsel.[3] Today, counsel for Transcontinental informed us they do not want to continue Mr. Barnhill's deposition.

Based on the above, Transcontinental has not been prejudiced in any manner and has no grounds to move for the exclusion of Mr. Barnhill's testimony. Transcontinental's Motion-In-Limine is without merit and should be denied.

### *Law and Argument*

The Fifth Circuit grants district courts "broad discretion to preserve the integrity and purpose of the pretrial [scheduling] order.[4] Rule 37(C)(1) provides for the exclusion of expert evidence at trial unless such failure is harmless. In the event a failure to disclose is found to be more than harmless, the district court weighs the following four factors in determining whether to exclude an expert's proposed testimony: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence; (2) the possibility of curing any prejudice; and (4) the explanation of the failure to produce the evidence.[5]

Here, Transcontinental is attempting to create an issue where none exists. Transcontinental argues it has been somehow prejudiced because Mr. Barnhill produced his relevant file materials at the beginning of his recent deposition. As detailed above, said argument is hypocritical because Transcontinental's own experts, Mssrs. Carmon Costello and

---

[3] See deposition of Mr. Calvin Barnhill at pp. 106-107 and attached hereto as Exhibit "B". Mr. Barnhill's deposition is already part of the Record.
[4] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).
[5] *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)

David Brown, produced their file documents in the exact same manner. Moreover, the depositions of all of the experts have been left "open" in the event additional questions arise upon counsel's review of all of the file materials. It appears Transcontinental's real motive for moving to exclude Mr. Barnhill's testimony is twofold: (1) it failed to retain a field petroleum engineer to assess production decline curves; and (2) its own expert in production damages computed Transcontinental's alleged damages using a methodology that has been rarely applied (if at all) since the Fifth Circuit's *Nerco* decision.[6]

The cases cited by Transcontinental are completely inapposite herein as they address situations where an expert sought to significantly amend his previous findings on the eve of trial. Here, in contrast, the opinions expressed in Mr. Barnhill's original report remain the same. The additional documentation which he produced simply explains how he reached the conclusions found in his original report.

For example, in *Buxton*,[7] plaintiff/mother sued Novartis and others after her daughter suffered a heart attack and/or stroke while taking the over-the-counter cold medicine commonly known as Travist-D.[8] Plaintiff timely submitted an affidavit of medical causation from Dr. Ramsay.[9] Approximately nine months later, however, plaintiff submitted a supplemental report and affidavit from Dr. Ramsay purporting to change his previous findings about the cause of death.[10] Defendants moved to strike the supplemental report as untimely. The court found Dr. Ramsay's new findings were more than mere supplementation of his prior opinions; they were entirely new opinions.[11] Although the court indicated it was inclined to strike the new affidavit,

---

[6] *Nerco Oil & Gas v. Otto Candies, Inc.*, 74 F.3d 667 (5th Cir. 1996).
[7] *Buxton v. Lil' Drug Store Production, Inc.*, 2007 U.S. Dist. LEXIS 56263, 207 WL 2254492 (S.D. MS 2007).
[8] *Id.* at p. 2.
[9] *Id.* at p. 4.
[10] *Id.* at p. 5.
[11] *Id.* at p. 6.

it did not do so.[12]

*Berger* is equally inapposite.[13] In *Berger*, plaintiff forwarded a copy of the report of her financial expert one day late.[14] During the deposition of this expert which occurred two months later, the expert produced a purported amendment to her previous report increasing plaintiff's claim for damages from $132,361.50 to more than $2.4 million.[15] Defendant filed a Motion to Strike the amendment and plaintiff failed to timely oppose same.[16] The court granted defendant's Motion to Strike.[17]

Transcontinental is unable to show any specific harm resulting from the fact that Mr. Barnhill made his file materials available at the beginning of his deposition. Mr. Barnhill has not supplemented or modified his original conclusions so the authorities relied upon by Transcontinental are of no moment herein.

### *Conclusion*

For the foregoing reasons, Transcontinental's Motion-In-Limine is without merit and should be denied.

Respectfully submitted,

*/s/ Delos E. Flint, Jr.*
DELOS E. FLINT, JR., T.A. (#5616)
LAWRENCE R. DEMARCAY, III (#25379)
ANTHONY D'ALTO II (#27790)
FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: (504) 523-2600
Facsimile: (504) 523-2705

---

[12] In the same opinion the Court granted a motion for summary judgment which made all issues concerning the affidavit moot.
[13] *Lampe Berger, USA, Inc. v. Scentier, Inc.*, 2008 U.S. Dist. LEXIS 60648, 207 WL 2254492 (M.D. LA 2008).
[14] *Id.*
[15] *Id.* at p. 2.
[16] *Id.*
[17] *Id.*

*Attorneys for Defendant,*
*Transocean Deepwater Drilling, Inc.*

## CERTIFICATE OF SERVICE

By filing electronically, I certify that service was accomplished through the Notice of Electronic Filing for parties and counsels who are Filing Users and that service was accomplished on any party or counsel, who is not a Filing User in accordance with the Federal Rules and the Local Rules of this Court this 1st day of June 2010.

*/s/ Delos E. Flint, Jr.*